UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL SNOWDEN, | No. C 12-3983 SI (pr) |
| Petitioner, | **ORDER ON INITIAL REVIEW** |
| v. | |
| R. J. RACKLEY, warden, | |
| Respondent. | |

## INTRODUCTION

Darnell Snowden, a prisoner at the Deuel Vocational Institution, seeks to challenge his 2010 conviction from the Santa Clara County Superior Court with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Due to an apparent filing mistake, there are now two habeas petitions pending regarding the same conviction. The higher-numbered case will be dismissed, and Snowden will be required to amend the petition in the lower-numbered case, as well as to file a new motion for a stay if he wants a stay.

## BACKGROUND

Snowden was convicted in Santa Clara County Superior Court of robbery and was found to have personally used a firearm in the offense and to have suffered a prior conviction. On April 22, 2009 or April 22, 2010 – he provides conflicting information -- he was sentenced to 21 years in state prison.

He appealed. His conviction was affirmed by the California Court of Appeal in 2010, and his petition for review was denied by the California Supreme Court in 2011. Snowden provides conflicting information as to whether he filed state habeas petitions before filing this action.

Snowden mailed a petition for writ of habeas corpus to this court from prison, and that petition was filed as Case No. C 12-3983 SI. A second petition for writ of habeas corpus was mailed to this court apparently by someone helping Snowden, and that petition was filed as Case No. C 12-3984 SI. That second petition was sent in an envelope addressed to "SCSC, 280 S. First St., # 3035, San Jose, CA." Although the addressee "SCSC" may refer to the Santa Clara County Superior Court, the street address is the address of the federal courthouse in San Jose. Both petitions for writ of habeas corpus challenge the same robbery conviction, i.e., Santa Clara County Superior Court Case No. BB 726312. The claims asserted in the petitions are not identical, however.

In Case No. C 12-3983 SI (but not in Case No. C 12-3984 SI), Snowden filed a motion to stay the petition so that he could exhaust state court remedies for several unexhausted claims.

**DISCUSSION**

A.  Review Of Petitions

Snowden cannot challenge a single conviction with two separate federal habeas petitions. *See* 28 U.S.C. § 2244(b). All of the challenges to a conviction must be pursued in a single habeas petition in order to avoid running afoul of the rule that prevents second or successive petitions. *See* 28 U.S.C. § 2244(b)(3)(A). Accordingly, Case No. C 12-3984 SI will be dismissed by separate order. Snowden must pursue *all* of the claims he has regarding his robbery conviction in Case No. C 12-3983 SI.

B.  Motion For Stay

Snowden has filed a "motion to stay in abeyance," in which he asks the court to stay this

habeas action so that he may exhaust state court remedies for several unexhausted claims. In that motion, he states that he failed to exhaust the unexhausted claims because "trial and appellate counsel refused to argue those grounds." Case No. C 12-3983 SI, Docket # 2, p. 4.

There are two kinds of stay and abeyance proceedings available in a habeas action: the *Rhines* stay and the *King/Kelly* stay. In *Rhines v. Weber*, 544 U.S. 269 (2005), the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions. The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277. A stay "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78. Any stay must be limited in time to avoid indefinite delay. *Id.* Reasonable time limits would be 30 days to get to state court, as long as necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. *See id.* at 278; *Kelly v. Small*, 315 F.3d 1063, 1071 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007)..

There is an alternative method to deal with a petitioner who has some unexhausted claims he wants to present in his federal habeas action. Under the procedure outlined in *Kelly v. Small*, "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the *King/Kelly* three-step procedure is not required to show good cause as under

*Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43.

On the record now before the court, Snowden does not qualify for either a *Rhines* stay or a *King/Kelly* stay. Snowden's motion for a stay does not satisfy the requirements for a *Rhines* stay because the failure of trial and appellate counsel to present the claims to state court does not amount to good cause for Snowden not to have exhausted them before filing his federal petition. *See Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (upholding denial of stay because petitioner's incorrect "impression" that counsel had raised claims to the California Supreme Court on direct appeal did not establish good cause under *Rhines* for failure to exhaust claims earlier). Any failure of counsel to present the claims fails to explain why Snowden didn't present the claims to state court himself in, for example, a habeas petition. Snowden's motion also does not suffice to obtain a *King/Ryan* stay because he has not amended his petition to delete the unexhausted claims, as he must under the procedure outlines in *Ryan*. The motion for a stay is DENIED without prejudice to Snowden filing a new motion for a stay that complies with the requirements under *Rhines* or *King/Kelly*.

Finally, Snowden is cautioned that, because the petition addressed to the "SCSC" was mailed to federal court and was filed in federal court, it did not get filed in the Santa Clara County Superior Court. If Snowden intends to file a petition in the Santa Clara County Superior Court, he should send a new copy of it.

## CONCLUSION

For the foregoing reasons,

1. The petition in *Snowden v. Rackley*, Case No. C 12-3984 SI, has been dismissed by separate order. Snowden should not file any more documents using that case number and, from this point forward, must file all documents in Case No. C 12-3983 SI.

4

2.  No later than **October 5, 2012**, Snowden must file an amended petition in Case No. C 12-3983 SI, in which he alleges *all* of his claims concerning the conviction in Santa Clara County Superior Court. Since Case No. C 12-3984 SI has been closed, he must allege the claims from that petition as well as the claims from the petition in Case No. C 12-3983 SI in his amended petition in Case No. C 12-3983 SI. If he moves for a stay under *King/Kelly*, his amended petition should not include the unexhausted claims. The amended petition should have this case caption and case number C 12-3983 SI on the first page and should be clearly marked "Amended Petition."

3.  Snowden's motion for a stay and abeyance is DENIED. (Docket # 2.) If Snowden wants a stay of this action so that he may exhaust state court remedies as to one or more claims, he must file his motion for a stay no later than **October 5, 2012**. Any such motion for a stay must satisfy the requirements of either *Rhines*, or *King/Kelly* for a stay to be granted.

4.  Petitioner's *in forma pauperis* application is GRANTED. (Docket # 3, # 5.)

5.  Petitioner is responsible for prosecuting this case. He must promptly inform the court of any change of address and must comply with the court's orders in a timely fashion.

IT IS SO ORDERED.

DATED: September 5, 2012

_____
SUSAN ILLSTON
United States District Judge