UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL SNOWDEN, | No. C 12-3983 SI (pr) |
| Petitioner, | |
| v. | **ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE CASE** |
| R. J. RACKLEY, warden, | |
| Respondent. | |

Upon initial review of the petition and accompanying documents, the court denied petitioner's motion to stay the proceedings without prejudice to him filing a new motion for a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), or under *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009), and *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). The features of those two types of stays were discussed in the order on initial review (Docket # 6).

Petitioner has filed a motion for a *King/Kelly* stay, asking the court to stay these proceedings so that he can return to the California state courts to have some unexhausted claims heard. He also has filed an amended petition with his motion to stay. The amended petition has only one claim, and state court remedies allegedly have been exhausted for that claim. Petitioner satisfies the only currently applicable requirement for a *King/Kelly* stay, i.e., that his amended petition has no unexhausted claims. The *King/Kelly* stay does not appear to require the court to decide whether the claims relate back at the time it considers whether to grant a stay. Whether the claims relate back to the petition can be decided when he returns after exhausting state court remedies and moves to amend his amended petition to add those newly-exhausted claims. The

1   court will grant a *King*/*Kelly* stay so that petitioner may exhaust state court remedies for all the
2   claims he wishes to present to this court. Petitioner must file his unexhausted claims in state
3   court within thirty days, and must return to federal court within thirty days of a final decision
4   by the state courts on those claims. *See Kelly*, 315 F.3d at 1070.

5        For the foregoing reasons, petitioner's "motion to stay in abeyance" is GRANTED.
6   (Docket # 7.) This action is now STAYED and the clerk shall ADMINISTRATIVELY CLOSE
7   the action. Nothing further will take place in this action until petitioner exhausts state court
8   remedies for any unexhausted claims and, within thirty days of doing so, moves to reopen this
9   action, lift the court's stay and amend his petition to add any new claims. Petitioner must act
10   diligently to get his state court petition filed and promptly return to federal court after his state
11   court proceedings have concluded.

12        Finally, it is not clear to the court whether petitioner actually signed his motion to stay
13   or his amended petition: his name is written at the foot of each document, but appears to be
14   printed below a signature line rather than as the signature. Petitioner is cautioned that he must
15   personally sign each and every document filed in this action, and failure to do so may result in
16   the document being disregarded.

17        IT IS SO ORDERED.
18   DATED: November 14, 2012

                                                          SUSAN ILLSTON
                                                           United States District Judge