UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARNELL SNOWDEN,

    Petitioner,

    v.

R. J. RACKLEY, Warden,

    Respondent.

                                    /

No. C 12-3983 SI (pr)

**ORDER LIFTING STAY AND TO SHOW CAUSE**

## INTRODUCTION

Darnell Snowden, currently an inmate at the Deuel Vocational Institution in Tracy, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upon his request, the action was stayed so that he could exhaust state court remedies for one or more unexhausted claims. He has recently filed a motion to lift the stay so that he may proceed with his original and newly exhausted claims.

## BACKGROUND

The amended petition and attachments thereto provide the following information: Snowden was convicted in Santa Clara County Superior Court of robbery, and was found to have personally used a firearm in the commission of the offense and to have suffered a prior conviction. On April 22, 2010, he was sentenced to 21 years in state prison. Snowden appealed. His conviction was affirmed by the California Court of Appeal in 2010 and the California Supreme Court denied his petition for review in 2011. He then filed this action. After filing this action, Snowden filed one or more unsuccessful state habeas petitions.

# DISCUSSION

A. <u>Lifting The Stay</u>

At the time he filed the petition for writ of habeas corpus, Snowden requested that the action be stayed so that he could exhaust state court remedies as to one or more of his claims for habeas relief. The court granted the stay, and informed Snowden that he should move to reopen the action and lift the stay after he completed his efforts to exhaust state court remedies. He recently moved to reopen the action and to lift the stay. In the motion, he reports that he has exhausted his state court remedies and is ready to proceed with consideration of his four claims for habeas relief.

Upon due consideration, the court GRANTS Snowden's motion to lift the stay and amend his petition. (Docket # 10.) The stay is lifted. The clerk will reopen this action that had been closed administratively.

B. <u>Review of Amended Petition</u>

Having lifted the stay, the court now conducts a review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The amended petition (Docket # 10-1) alleges the following claims: (1) the trial court erred in refusing to give a requested pinpoint jury instruction on the show-up procedure used to identify him; (2) the plea entered in 2001 for his prior conviction was taken in violation of his Sixth and Fourteenth Amendment rights; (3) the evidence was insufficient to support the

judgment; and (4) trial and appellate counsel provided ineffective assistance of counsel in the ways specified in the amended petition (at Docket # 10-2 at 15-18). Liberally construed, Claims 1, 3, and 4 are cognizable in a federal habeas action and warrant a response.

Claim 2, challenging the use of the 2001 conviction for sentence enhancement purposes on the 2010 conviction, must be dismissed. "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. . . . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001). The only exception to the rule barring challenges to prior convictions is that a petitioner may challenge a prior conviction used to enhance a current sentence on the ground that there was a failure to appoint counsel in that case in violation of the Sixth Amendment. *Coss*, 532 U.S. at 404. That, however, is not the situation here because Snowden *was* represented by an attorney in the 2001 proceedings. *See* Docket # 10-3 at 10 (motion to strike prior conviction filed April 17, 2009, argues that 2001 prior conviction should be stricken because his guilty plea, during which he was represented by counsel, was not knowing and intelligent).

## CONCLUSION

For the foregoing reasons,

1.     Petitioner's motion to lift the stay and amend the petition is GRANTED. (Docket # 10.) The stay is lifted. The clerk will reopen this action that had been closed administratively.

2.     The amended petition states cognizable claims for habeas relief and warrants a response.   Claim 2 is dismissed without leave to amend.

3.     The clerk shall serve by mail a copy of this order, the amended petition and all attachments upon respondent and respondent's attorney, the Attorney General of the State of

3

1 California. The clerk shall also serve a copy of this order on petitioner.

2     4. Respondent must file and serve upon petitioner, on or before **May 9, 2014**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the amended petition.

    5. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **June 6, 2014**.

    6. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

    7. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

DATED: February 5, 2014

                                          SUSAN ILLSTON
                                    United States District Judge