UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL D. SNOWDEN,<br><br>    Petitioner,<br><br>    v.<br><br>R. J. RACKLEY,<br><br>    Respondent. | Case No. 12-cv-03983-SI<br><br>**ORDER DENYING RELIEF FROM JUDGMENT**<br><br>Re: Dkt. No. 25 |

On August 11, 2014, the court denied the petition for writ of habeas corpus and entered judgment in this action. Petitioner now moves for relief from the judgment, citing Federal Rule of Civil Procedure 60(b)(6). Although his motion is far from clear, he appears to argue that this court incorrectly denied relief on his challenge to the sufficiency of the evidence to support the conviction for robbery. He denies that he is filing a second or successive petition.

The court may relieve a party "from a final judgment, order, or proceeding" for any of several listed reasons. Fed. R. Civ. P. 60(b). The catchall provision in Rule 60(b)(6) allows relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion for relief under Rule 60(b)(6) "must be made within a reasonable time." Fed. R. Civ. P. 60(c). Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice. We apply this provision sparingly: [a] party is entitled to relief under Rule 60(b)(6) where extraordinary circumstances prevented him from taking timely action to prevent or correct an erroneous judgment." *Foley v. Biter*, 793 F.3d 998, 1002 (9th Cir. 2015) (citations and internal quotation marks omitted).

Petitioner offers no reasonable explanation for waiting twenty months to file his Rule 60(b)(6) motion. He states that, having received the order and having completed "additional

investigative efforts," he brought his motion as soon as possible. Docket No. 25 at 1. The only "investigation" apparent from the motion was that petitioner had read the order denying the petition; no reasonable person would have needed anywhere near twenty months to read the twenty-page order. The motion was not filed within a reasonable time. *See* Fed. R. Civ. P. 60(c)(1). The substance of the motion also is deficient. The argument in the motion is simply a disagreement with the court's analysis of the sufficiency-of-the-evidence claim in the order denying the petition. Petitioner failed to show any error in the order denying the petition, let alone a manifest injustice. Relief is not warranted under Rule 60(b)(6). The motion for relief from judgment is DENIED. (Docket # 25.)

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" in the order denying the petition, or one in which "jurists of reason would find it debatable whether the district court was correct in its procedural [ruling]" in this order. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The denial of the certificate of appealability is without prejudice to petitioner seeking a certificate from the United States Court of Appeals for the Ninth Circuit.

**IT IS SO ORDERED**.

Dated: April 28, 2016

SUSAN ILLSTON
United States District Judge